THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM RAY BALDWIN, *et al.*,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Case No. 1:20-cv-624-RAH |
| ) | [WO] |
| INTERLINC MORTGAGE    ) | |
| SERVICES, LLC,    ) | |
| ) | |
| Defendant/Third-Party Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | |
| A.M.S. REAL ESTATE INSPECTION,    ) | |
| L.L.C., ALLEN M. STUCKY,    ) | |
| HOLLOWAY APPRAISAL SERVICE    ) | |
| LLC, AND JUDITH A. HOLLOWAY,    ) | |
| ) | |
| Third-Party Defendants.    ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Interlinc Mortgage Services, LLC's ("Interlinc") partial Motion to Dismiss (Doc. 35), which seeks dismissal of the claim for fraudulent misrepresentation contained in the Second Amended Complaint, (Doc. 32). The Plaintiffs, William Ray and Meshell Baldwin (the "Baldwins"), have filed a response. (Doc. 41.) For good cause shown, Interlinc's motion is due to be GRANTED. The Baldwins' claims for breach of fiduciary duty and negligence shall proceed forward.

1

## I. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Personal jurisdiction and venue are both uncontested, and there are adequate allegations to support both.

## II. STANDARD OF REVIEW

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006) (citation omitted), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

At bottom, the question is not whether the claimant "will ultimately prevail ... but whether his complaint [is] sufficient to cross the federal court's threshold[.]" *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted). To do so, pleadings must contain "more than labels and conclusions, and

2

a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

## III.    BACKGROUND

This suit concerns the Baldwins' efforts to renovate their home in Abbeville, Alabama through a HUD 203-K rehabilitation loan financed with Interlinc. According to the Second Amended Complaint, InterLinc, through its renovation specialists and originators, took over and handled all aspects of the renovation project associated with their loan, leaving the Baldwins with the simple task of signing contracts as presented to them by Interlinc. Among others, Interlinc, on the Baldwins' behalf, contacted and retained AMS Real Estate Inspection LLC to inspect the home, make the necessary repair recommendations, and to track and monitor vendor inspections. (Doc. 32, p. 2.)

Of the many vendor inspections of the Baldwins' home, the vender inspection at issue is a termite inspection performed by Orkin. During its inspection, Orkin discovered wood decaying fungi and damage in the subfloors and joists of the home.

(*Id.*, p. 3.)  Its observations were set forth in an "Official Alabama Wood Infestation Inspection Report" ("WIR"), which was provided to InterLinc and AMS. (*Id.*)

With the WIR and other information in hand, according to the Baldwins, AMS drafted a specification of repairs with Interlinc's review and approval, and then Interlinc contacted and retained S.A. Jones Construction, Inc. to complete the renovations. (*Id.*) S.A. Jones Construction prepared a scope of work that was submitted to and approved by Interlinc but was not shared with the Baldwins. (*Id.*, pp. 3-4.)  The scope of work proposed to repair damage to the subfloors and floor joists in the kitchen, bedroom, and bathroom. (*Id.*, p. 4.)

S.A. Jones Construction performed and completed the renovations on the home in December 2015. (*Id.*)  S.A. Jones Construction, however, did not treat or repair all of the areas damaged by the fungus as disclosed in the Orkin report. (*Id.*, pp. 5-6.)

In 2017, the Baldwins observed that their floors were beginning to sink. (*Id.*, p. 6.) Upon inspection by a consultant of their own, the Baldwins learned there were significant defects in the floors and untreated fungus. (*Id.*) They contacted InterLinc and were told that the fungus had not been treated because S.A. Jones Construction was supposed to remove and replace all the subfloors and floor joists. (*Id.*) InterLinc then attempted to blame the Baldwins for the subfloor and floor joist failures and declined to repair the home.  This lawsuit followed.

## IV. THE BALDWINS' FRAUDULENT MISREPRESENTATION CLAIM

While the Baldwins bring a host of claims against Interlinc, in the instant motion, Interlinc challenges only the Baldwins' claim (Count Two) for fraudulent misrepresentation. According to Interlinc, Count Two "does not state a claim for fraudulent misrepresentation with particularity as required by Rule 9 and violates *Twombly's* requirement that a plaintiff must plead more than labels, conclusions, and a formulaic recitation of the elements." (Doc. 36, p. 4.) As Interlinc puts it, the Baldwins' complaint does not plead the "who, what, when, where and how of the alleged fraud," and with this being the Baldwins' second attempt at properly stating a claim for fraudulent misrepresentation, the Baldwins should be afforded no further opportunities to plead a fraud claim and the claim should therefore be dismissed. A review of the claim for fraudulent misrepresentation reveals, as Interlinc submits, that it continues to fail the pleading requirements for such a claim.

"The plaintiff's complaint must allege the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994). More specifically, the complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

5

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).  Complaints that fail to meet this pleading requirement, despite being given a previous opportunity to restate the claim, are subject to dismissal, and if given multiple opportunities to replead the claim, dismissal with prejudice. *See, e.g., Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1307 (S.D. Fla. 2009), *aff'd*, 468 F. App'x 918 (11th Cir. 2012) (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

In their misrepresentation claim, the Baldwins assert that "InterLinc, through its agents and representatives, negligently, wantonly, recklessly, intentionally, and/or willfully misrepresented to the Baldwins that the Specification of Repairs and scope of work were complete and included all necessary renovations and repairs" and that "the entire subfloor, floor joists, and damaged wood were or would be repaired and/or replaced as part of the renovations directed and specified by AMS and approved by InterLinc."  (Doc. 32, p. 10.)  The Baldwins go on to allege that "InterLinc's misrepresentation of these material facts induced the Baldwins to enter into the refinancing agreement and incur indebtedness," "to enter into a contract with Jones Construction that did not adequately or completely repair all of the subfloor and floor joist damage," and "to unknowingly 'acquiesce' in the close-out of the

project and the release of project funds when, in fact, the renovations were not sufficient to address the widespread failure of the floor system." (*Id.*)

These allegations do not satisfy the "who, what, when, where and how" particularity requirements of Rule 9. Primarily, the Baldwins do not allege when exactly these representations were made, by whom they were made, or how they were made.

The allegations that the Baldwins do make, however, appear to be inconsistent with the other allegations in their complaint. For example, the Baldwins claim that Interlinc misrepresented that the repairs "were complete and included all necessary renovations and repairs" and that these representations, in turn, induced them to "enter into the refinancing agreement" and a construction "contract with Jones Construction." These assertions make little sense, as the Baldwins would have needed to enter into the construction contract with S.A. Jones Construction *before* getting to the point where Interlinc could have made any representation about the completion of S.A. Jones Construction's work. And, according to the Second Amended Complaint, the Baldwins had to enter into the refinancing agreement first, before entering into a construction contract with S.A. Jones Construction.[1] Thus, it is hard to fathom how Interlinc could have induced the Baldwins to enter into two

---

[1] Pursuant to the HUD 203-K program's requirements, the Baldwins would have entered into the program and executed a loan agreement first, and then used some of those loan proceeds to pay S.A. Jones Construction as the work progressed.

7

contracts, each of which was necessary before the work could be even commenced. Perhaps this is because the Baldwins are attempting to place a square peg in a round hole when they are trying to claim fraudulent misrepresentation in a dispute that really is about a contract, negligence, and breach of fiduciary duty.

In any event, the Baldwins have again failed to state a claim for fraudulent misrepresentation, and therefore that claim is due to be dismissed.

## V.   CONCLUSION

Accordingly, for the foregoing reasons, it is ORDERED that InterLinc's partial motion to dismiss (Doc. 35) is due to be and is hereby GRANTED, and Count Two of the Plaintiffs' Second Amended Complaint is therefore dismissed, with prejudice.

The case will proceed against Interlinc on the remaining two counts in the Second Amended Complaint for breach of fiduciary duty and negligence, as well as Interlinc's third-party claims against A.M.S. Real Estate Inspection, L.L.C., Allen M. Stuckey, Holloway Appraisal Service, LLC, and Judith M. Holloway.

DONE, this 9th day of March, 2021.

        /s/ R. Austin Huffaker, Jr.
      R. AUSTIN HUFFAKER, JR.
      UNITED STATES DISTRICT JUDGE